NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLBY LEE APLIN, | No. 19-35223 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-01222-MO |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JOE GOLEM, AKA The Golem Brothers, Officer; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Oregon state prisoner Colby Lee Aplin appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary on plaintiff's claims arising from her alleged sexual assault because plaintiff failed to file her claims within the applicable limitations period. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for 42 U.S.C. § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (explaining that under federal law, which determines accrual, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action," and the "discovery rule" is "incorporated into federal accrual law" (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on plaintiff's claims arising from her alleged "genital status" searches because plaintiff failed to exhaust her administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to her. *See Ross*

*v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

The district court did not abuse its discretion by denying plaintiff's various discovery motions and her discovery requests sent by a non-attorney third party. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court.").

The district court did not abuse its discretion by denying plaintiff's motion for appointment of counsel because plaintiff failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for

19-35223

appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**